## MATT USSERY V. CITY OF LAREDO.

(Case No. 2094.)

1. PUBLIC SCHOOLS, WHAT NECESSARY TO CONSTITUTE—PUBLIC SCHOOL FUND—NO AUTHORITY IN SCHOOL BOARD TO APPLY SAME TO OTHER PURPOSES THAN PUBLIC SCHOOLS —TEACHER OF PRIVATE SCHOOL NOT ENTITLED TO PAY OUT OF PUBLIC SCHOOL FUND— STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, REVISORY POWERS OF—CASE STATED—In 1883, U., under a contract made with three persons claiming to act as trustees of the public schools, by appointment of the county judge of Webb county, taught a school for five scholastic months in school community No. 1, embraced within the corporate limits of the city of Laredo, in that county. By the terms of the contract, U. was to receive $60 per month for his services. Several months prior to the date of this contract, the city of Laredo had assumed, under the statute, exclusive control over the public schools within its limits. U., after teaching about two months, applied to the city council of Laredo for a ratification of his contract, but no action was taken upon it; and, at the expiration of the time for which he had contracted to teach, he presented to the council his claim for allowance. A resolution authorizing the payment

of the claim was passed, but the mayor refused to issue a warrant therefor, and returned the resolution, with his objections thereto, to the council. From the city's refusal to pay the claim, U. appealed to the state superintendent of public instruction, and that officer directed the city council to pay it. This order was disregarded, whereupon U. applied to the district court for a writ of mandamus compelling the proper officers of the city to issue to him a warrant upon its treasurer for the amount of his claim. *Held:*

(1) That, to constitute a school a public school, the method by which public schools may be created, teachers employed, salaries paid, &c., pointed out by the law, must be pursued;

(2) That, under the circumstances of this case, the school taught by U. was nothing more than a private school, and the city council had no authority to order the payment of the salary demanded by him. The fund in the hands of the council, devoted to educational purposes, was to be appropriated to public schools alone, and it could not rightfully be applied to the support of schools of any other character;

(3) That the state superintendent of public instruction, whose authority extends to public school matters only, had no power to command the city to pay U.'s salary, and it was not bound to obey his order to that effect.

APPEAL from Webb. Tried below before the Hon. John C. Russell.

This suit was begun by the appellant against the appellee in the county court of Webb county, but was removed to the district court of that county, on account of the disqualification of the county judge. On June 24, 1885, plaintiff filed an amended petition, alleging that the defendant, the city of Laredo, long prior to August, 1883, assumed lawful control of the public free schools within its limits ; that the defendant, on August 25, 1883, in consideration that plaintiff had performed certain services as a teacher in the public free schools within its limits, as set out in a bill of particulars thereto annexed, promised by resolution, duly and legally passed, to allow and pay plaintiff the sum of $345.00 ; that the mayor and secretary of the defendant corporation, whose duty it was under the law to issue to plaintiff a warrant upon the treasurer for the sum of money so allowed him, wholly neglected and refused so to do ; that plaintiff, thereupon, appealed to the state superintendent of public instruction, and that officer, on February 11, 1885, made his order directing the mayor and city council to pay the plaintiff the amount of his claim from the city's school fund ; but that the superintendent's order had been disregarded, and plaintiff's claim was still unpaid. The petition prayed for a writ of mandamus requiring the mayor and secretary of the city of Laredo to issue to plaintiff a warrant in his favor on the treasurer of that city for $345, the amount of his claim.

Defendant pleaded the general denial, and also specially, that the resolution in plaintiff's petition mentioned was never approved by the mayor, but was, within the time prescribed by law, returned to

the city council by that officer, with his objection thereto in writing, and, when again submitted to a vote, failed to receive the support of a majority of the members composing that body; that the resolution was without consideration, and was *ultra vires* and void; and that the plaintiff was never an employe of the defendant in any capacity whereby it became liable to him for services performed.

The facts are, in substance, as set forth in the syllabus. It may, however, be stated in addition, that the city council was composed of six aldermen; that only four aldermen were present at the meeting at which the resolution, after its veto by the mayor, was considered, three of whom voted for, and one of whom voted against the resolution; and that $45.00 of plaintiff's claim were for rent of school house.

The cause was tried by the court, and the judgment was that the plaintiff take nothing by his suit. Plaintiff appealed.

*A. F. Hall* and *A. Winslow*, for appellant, cited: R. S., 3783; Gen. Laws 17 Leg., art. 344; Constitution of 1876, art. 7, sec. 13; Gen. Laws, special sess., 18 Leg., p. 41.

*McLane & Atlee*, for appellee, cited: State Constitution, art. 3, sec. 53; R S.. art. 360.

WILLIE, CHIEF JUSTICE.—The contract of Ussery to teach a public school was made with three persons claiming to act as trustees of public free schools, by appointment of the county judge of Webb county. Several months previous to the date of this contract, the city of Laredo had assumed control of the public schools within its limits, and the trustees, acting in accordance with the law authorizing cities to take charge of free schools, were, at that time, alone authorized to make such a contract. There is no pretense that the school taught by Ussery had ever been recognized by the proper authorities as a public school, or that the city or its trustees had become parties to the contract in any manner that would make it binding upon them. The city authorities do not appear ever to have known that the appellant was claiming to act in the capacity of a public teacher, until he called upon them for payment of salary for his services as such. The law points out the method by which public schools may be created, teachers employed, and what will entitle them to salaries, and how these shall be paid. This method was not pursued, in any respect, in this case, and the school taught by Ussery was no more than a private school and the court did not err in so finding.

Under such circumstances, we cannot see that the council had any authority to order the salary demanded by him to be paid. The fund in their hands devoted to educational purposes was to be appropriated to public schools alone, and they could not misapply it to the support of schools of any other character. Under this view, it does not seem necessary to determine whether or not the resolution to pay Ussery was passed by a sufficient number of votes after it was vetoed by the mayor. It seems, however, that it received the votes of only three out of six aldermen, the latter being the whole number of which the board was composed, and, under art. 360, Revised Statutes, the resolution failed.

The superintendent of public instruction had no authority to command the city to pay Ussery's salary. His authority extended only to public school matters; and, even if we admit that he might reverse the action of a board of aldermen refusing the claim of a public teacher, he had no authority to order them to pay salaries to the teachers of private schools. Such a case is beyond his jurisdiction, and the city was not bound to obey his order upon the subject.

We think the court below committed no error in refusing the mandamus, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 2, 1886.]