162 So. 739

**HENDERSON v. PERCY.**

No. 33379.

July 1, 1935.

Rehearing Denied July 18, 1935.

Cyril F. Dumaine and Jos. Rosenberg, both of New Orleans, for applicant.

P. M. Milner, of New Orleans, for respondent.

ROGERS, Justice.

The relatrix, Claudia Taite, sued and obtained judgment in the district court against Henry D. Percy for damages for personal injuries which she received in an automobile accident. The judgment was reversed by the Court of Appeal and the case is now before us on certiorari.

Relatrix assigns as error three questions of law which she alleges were overlooked by the appellate court in releasing the defendant from liability. These alleged errors are: (1) Defendant's failure to plead contributory negligence; (2) that the accident occurred within the limits of a school zone, in which the speed of automobiles is limited by law to 15 miles an hour; and (3) that the excessive rate of speed at which defendant was traveling in a school zone was the proximate cause of the accident.

The record discloses that in March, 1934, the relatrix was employed as a cook in the cafeteria connected with Loyola University, in the city of New Orleans. The accident happened on St. Charles avenue near the driveway leading into the university grounds and a short distance above Calhoun street. St. Charles avenue is a wide boulevard containing a neutral ground with street car tracks in the center

and a roadway on each side. At about 8 o'clock on the night of March 7, 1934, relatrix left her place of employment for the purpose of going to her home. She crossed the sidewalk and entered the paved roadway with the intention of crossing to the neutral ground and boarding a St. Charles avenue street car. Before reaching the neutral ground, relatrix was struck by defendant's automobile. As shown by the Court of Appeal, according to relatrix' testimony and that of the witnesses who supported her, she had almost crossed the roadway and had one foot on the neutral ground, when the defendant, driving very rapidly, knocked her on the neutral ground, and caused the injuries for which she seeks compensation. The defendant's version of the accident is that he was driving up St. Charles avenue, with his wife sitting next to him and holding in her lap their small child; that as he reached a point almost opposite Loyola University, relatrix darted out from behind a parked automobile directly in his path; and that, in an unsuccessful effort to avoid striking her, he turned sharply to the left, crossing the curbing of the neutral ground and striking a small tree, his car coming to rest about 30 feet beyond the point where relatrix was struck.

Relatrix charges that defendant was negligent in traveling at a speed in excess of that permitted under article V, paragraph 3, subparagraph (b), of the Traffic Ordinance No. 13, 702 C. C. S., provid-

ing for a maximum speed limit of "fifteen miles an hour when passing a school during recess or while children are going to or leaving school during opening, recess or closing hours." Also, that defendant was negligent in failing to keep a proper lookout and "was either asleep or engrossed in conversation with his wife" at the time of the accident. Relatrix further contends that there were no automobiles parked in the vicinity of the accident.

Defendant denies that Loyola University is within the terms of the municipal ordinance. He argues that the ordinance applies only to schools attended by children and not to institutions attended by adults, such as the students are shown to be who were attending classes at the night school conducted by Loyola University at the time of the accident.

The judge of the district court predicated his judgment in favor of plaintiff on his finding that defendant was negligent in operating his automobile at a speed greater than 15 miles an hour, in violation of the municipal ordinance. He further held that having found defendant guilty of negligence, it was not necessary for him to consider whether plaintiff was negligent in crossing the street in front of an approaching automobile, since plaintiff's contributory negligence was not pleaded.

The Court of Appeal, after carefully reviewing all the testimony adduced by the parties, found that the clear preponderance

of the evidence supported defendant's contention that plaintiff was struck as she darted or ran out from behind a parked automobile and not at a point on or near the neutral ground. In reaching its conclusion the Court of Appeal pretermitted any consideration of the applicability of the municipal ordinance relied on by relatrix, which it characterized as being at least doubtful. No comment was made by the Court of Appeal on defendant's failure to plead plaintiff's contributory negligence.

■ Counsel for relatrix refer to the ordinance as establishing school zones. But, generally speaking, the ordinance makes no attempt to designate school zones. The only thing it does is to restrict the speed at which automobiles are permitted to pass a school during school recess or while children are going to or leaving school. The ordinance obviously refers only to primary and secondary schools. Its purpose is to protect children and youths who in their childish or youthful exuberance are apt to carelessly cross or run out into the street into the paths of passing automobiles. Loyola University is not attended by children. Its student body is composed of young men and young women. The testimony shows that at the time of the accident the university was holding night classes in second-year accounting for mature students. Clearly, such an institution is not a school as contemplated by the ordinance. This view is supported by the showing in the record that no "Stop," "Slow," or other warning signs have been erected by the municipal authorities in the vicinity of the university, as would be the case if they thought the ordinance applied to that institution.

There was no necessity, in fact no warrant, for the Court of Appeal to comment upon defendant's failure to plead plaintiff's contributory negligence. The specific defense set up to plaintiff's suit was not that plaintiff negligently contributed to the accident, but that the accident was unavoidable. That was the defense discussed and sustained by the Court of Appeal, which found, as we have heretofore stated, that the evidence preponderated in favor of the proposition that plaintiff was struck as she ran from behind a parked automobile, and that no amount of care on defendant's part could have avoided the accident.

Relatrix' contentions that defendant was traveling at a speed of 35 miles an hour and that she was struck as she was about to step upon the neutral ground are not supported by the record. Her contention as to the speed of the car rests entirely on the testimony of the witness Eppling. But Eppling did not make the positive statement that defendant's car was traveling at the rate of 35 miles an hour. His testimony was in the nature of a guess that the car was "going at an average of between 30 and 35 miles" an hour. There is no more reason to accept the

statement of the witness as fixing the speed of the automobile at 35 miles an hour than in fixing it at 30 miles an hour. And that the latter figure is nearer correct is established by all the other witnesses who testified on the point that defendant's car was traveling at a speed of between 20 and 25 miles an hour. Under the ordinance a speed of 30 miles an hour is permitted on boulevards of the character that St. Charles avenue is disclosed to be by the record.

The record leaves no room for doubt that relatrix was struck by defendant's car as she entered the roadway from behind a parked automobile, and not when she had crossed the roadway and reached the neutral ground. The testimony of credible witnesses is to the effect the relatrix apparently in her haste to catch an approaching street car ran from behind a parked automobile directly into the path of defendant's automobile. The testimony of these witnesses is supported by the physical facts, namely, the skidmarks on the pavement resulting from the application of the brakes of defendant's effort to avoid striking the relatrix; the damage to the right headlight and fender of defendant's automobile, the right side of the car being the nearest to the sidewalk from which relatrix entered the roadway, indicating the part of the automobile which came into contact with relatrix' body; and the fact that defendant in an effort to avoid striking relatrix swerved his car to the left and upon the neutral ground instead of to the right, and away from the neutral ground, as would have been his natural impulse if, as she contends, relatrix had almost crossed the roadway and had one foot upon the neutral ground. Shortly after she was struck relatrix was moved from the center of the roadway to the neutral ground.

Our conclusion is that the accident was unavoidable, and hence we find no warrant in law to hold defendant responsible in damages for the unfortunate result.

For the reasons assigned, the judgment of the Court of Appeal is affirmed, at the relatrix' costs.

O'NIELL, C. J., dissents.