**TEXAS LIQUOR CONTROL BOARD**
et al., Appellants,

v.

**SUPER SAVINGS STAMP COMPANY**
et al., Appellees.

No. 13144.

Court of Civil Appeals of Texas.

San Antonio.

May 15, 1957.

Rehearing Denied June 19, 1957.

---

Will Wilson, Atty. Gen., John R. Lennan, Asst. Atty. Gen., Fred Nieman, Charles M. Babb, R. Emmett Morse, Austin, Weaver Moore, Houston, for appellants.

Davis, Clemens, Knight & Weiss, San Antonio, for appellee.

BARROW, Justice.

This suit was brought by Super-Savings Stamp Company and Atomic Stores, corporations, against Coke R. Stevenson, Jr., Administrator of the Texas Liquor Control Board, and L. D. Newman, Senior District Supervisor of the Texas Liquor Control Board, seeking an injunction to restrain certain acts hereafter discussed. The Texas Liquor Control Board, composed of Summers A. Norman, W. D. Noel and Wilson Heard, Jr., cross-actioned in the case, seeking a declaratory judgment. The trial court rendered a final judgment for plaintiffs. The parties stipulated that the trial should be upon the merits and this appeal by defendants and cross-plaintiff is from that judgment.

The fact situation in this case originated with a telephone call in March, 1956, from Max Grossman, Secretary of Atomic Stores in San Antonio, to L. L. Newman, Senior District Supervisor of the San Antonio Division of the Texas Liquor Control Board. Atomic Stores were interested in obtaining a decision from the Liquor Control Board as to the legality of a distribution of premium stamps by Atomic Stores to purchasers of alcoholic beverages from said stores. These stamps were issued in conjunction with the sale of alcoholic beverages in a ratio of one stamp for every ten cent purchase. The stamps were redeemable at the center operated by the co-plaintiff, Super-Savings Stamp Company of San Antonio, where they could be turned in for various items of merchandise.

In response to the phone call of March, 1956, F. S. Bresenhan, Supervisor of the Marketing Practices Unit of the Texas Liquor Control Board, informed Mr. L. L. Newman of a letter, dated December 2, 1955, written by him to Mr. Harry J. Wolf, General Manager of Exchange Stamp Company, stating that the issuance of such stamps would be all right. Mr. Newman then informed Mr. Grossman of this, and a contract was entered into between Atomic Stores and Super-Savings Stamp Company for the purchase of Triple 'S' Stamps.

Subsequently, Mr. Evans, an employee of Atomic Stores, was informed by the San Antonio Office of the Texas Liquor Control Board that Atomic Stores must discontinue their issuance of stamps. Mr. Grossman, on learning of this, made inquiry about the matter and was informed that Coke R. Stevenson, Jr., Administrator of the Liquor Control Board, on June 11, 1956, had written Mr. John Nelms, President of Texas Package Stores Association, and in his letter had informed Mr. Nelms that it was his, Stevenson's, interpretation of the law that issuance of stamps in conjunction with the sale of alcoholic beverages was not allowed under the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666-1 et seq. Mr. Grossman then telephoned Mr. Stevenson and was informed that Atomic Stores would have to discontinue the issuance of stamps.

There was no action taken by the Board or any of its agents, or employees toward cancelling the license of plaintiff Atomic Stores, however, the letter written by Mr.

Stevenson, Administrator, to Mr. Nelms, did state that administrative action would be taken against the permit of any one violating the Board's interpretation of the Texas Liquor Control Act with respect to the issuance of premium stamps.

Subsequently, plaintiffs filed suit seeking an injunction against the defendants, Texas Liquor Control Board, and obtained a permanent injunction restraining the Administrator and the agents, inspectors and employees of said Board from taking any action whatsoever against plaintiffs in regard to the issuance of premium stamps by Atomic Stores.

For the sake of brevity the plaintiff Atomic Stores will be referred to as the operator; the plaintiff, Super-Savings Stamp Company, as the Stamp Company; Coke Stevenson, Jr., Administrator of the Texas Liquor Control Board, will be referred to as the Administrator, and the Texas Liquor Control Board, as the Board.

The trial court rendered declaratory judgment that the interpretation of Article 666, Section 4, Texas Penal Code, by the Administrator, as evidenced by his letter dated June 11, 1956, is invalid, incorrect and contrary to the provisions of the statute, and that the act by a package store permittee of giving premium stamps to retail purchasers or consumers of alcoholic beverages as an inducement for the purchase of such alcoholic beverages is lawful under the provisions of Articles 666 and 667 of the Texas Penal Code.

The trial court decreed and declared that the Texas Liquor Control Board does not have the power or authority under the provisions of Articles 666 and 667 of the Texas Penal Code, to promulgate a valid rule or regulation prohibiting a package store permittee from giving premium stamps to retail purchasers or consumers as an inducement for the purchase of alcoholic beverages.

The trial court further rendered judgment perpetually enjoining appellants, their agents, inspectors and employees, and anyone else acting in concert with them or any of them, from enforcing or attempting to enforce Articles 666 and 667, of the Texas Penal Code, as interpreted by the Administrator in his letter of June 11, 1956, or any order or ruling that appellees can not sell or otherwise distribute such premium stamps with sales of alcoholic beverages; from in any way interfering with the sale, gift or distribution of such stamps; from cancelling, suspending or taking any administrative action against Atomic Stores or its permits or licenses because of its sale or other use of such stamps; from interfering with or attempting to interfere with the contract between appellees or any contract held by appellee Stamp Company, and from seizing or taking possession of any stamps of appellees or either of them.

Appellants predicate their appeal from this judgment upon eight points. The first five points complain of various phases of the injunction granted. The sixth and seventh points complain of the declaratory judgment rendered. The eighth point complains that the court erred in refusing to dismiss the Stamp Company.

The following provisions of the Texas Liquor Control Act, Art. 666, Vernon's Texas Penal Code, are pertinent to the decision of the case:

"Art. 666—2. Exercise of police power

"This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose. Acts 1935, 44th Leg., 2nd C.S., p. 1795, ch. 467, Art. 1, § 2."

"Art. 666—4. Manufacture, sale, or possession of liquor unlawful; consumption in public place

"It shall not be unlawful to manufacture, distill, brew, sell, import, export, transport, distribute, warehouse, store, possess, possess for the purpose of sale, bottle, rectify, blend, treat, fortify, mix, or process any liquor in this State, nor to possess any equipment or material designed for or capable of use for manufacturing liquor, provided that the rights or privileges so to do are granted by any provision of this Act. It is further expressly provided that any rights or privileges granted by the provisions of this Section, as exceptions to the prohibited acts in other sections shall be enjoyed and exercised only in the manner as provided. Any act done by any person which is not granted in this Act is hereby declared to be unlawful. Acts 1935, 44th Leg., 2nd C.S. p. 1795, ch. 467, Art. 1, § 4; Acts 1937, 45th Leg., p. 1053, ch. 448, § 3. * *"

Article 666—5 provides for the Texas Liquor Control Board, and also provides that "The Board shall appoint an Administrator who shall serve at the Board's pleasure and who shall under the supervision of the Board administer the provisions of this Act."

Article 666—6 provides that "Among others, the functions, powers, and duties of the Board shall include the following:

"(a) To supervise, inspect, and regulate every phase of the business of manufacturing, importation, exportation, transportation, storage, sale, distribution, possession for the purpose of sale and possession of all alcoholic beverages, including the advertising and labeling thereof, in all respects necessary to accomplish the purposes of this Act. The Board is hereby vested with power and authority *to prescribe all necessary rules and regulations to that end;* to require the filing of such reports and other data by all persons engaged in any phase of the alcoholic beverage business, which it may deem necessary to accomplish the purposes of this Act; to supervise and regulate all licensees and permittees and their places of business in all matters affecting the general public, whether herein specifically mentioned or not, and to authorize its agents, servants, and employees under its direction to carry out the provisions hereof. * * *

"(d) To exercise all other powers, duties, and functions conferred by this Act, and all powers incidental, convenient, or necessary to enable it to administer or carry out any of the provisions of this Act and to *publish all necessary rules and regulations.*" (Emphasis added.)

██ The Board undoubtedly has power and authority to promulgate and enforce rules and regulations necessary to carry out the purposes of the Act. This is conferred by the express provisions of the statute. Implied authority also exists, it seems, when the adoption of rules and regulations is necessary to accomplish the purpose of the statute. Gulf Land Company v. Atlantic Refining ·Co., 134 Tex. 59, 131 S.W.2d 73, 80. Where a statute expressly authorizes an agency to regulate an industry it impliedly authorizes the adoption of rules to that end. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1026, 1027. This is not an unconstitutional delegation of Legislative authority. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322; Harvill v. State, Tex.Civ. App., 188 S.W.2d 869, error refused; Gulf Coast Water Co. v. Cartwright, Tex.Civ. App., 160 S.W.2d 269.

 It appears from the evidence that the giving of trade stamps with the purchase of liquor is done for the purpose of stimulating trade and attracting additional customers. It is, therefore, within the authority of the Board to make a rule to regulate or forbid the issuance of such stamps, if it is deemed necessary to carry out the purposes of the Act. Appellants contend that

under the provisions of Article 666–4, the law prohibits the issuance of such stamps. The administrator so interpreted the law in his letter of June 11, 1956. We disagree with this contention. The fact that the Legislature, by the Act, creates the Board and confers upon it the power to make rules and regulations necessary to carry out the purposes of the Act, is inconsistent with and forecloses the idea that the Legislature intended to spell out the details of all operations under the Act. Moreover, the language used in Vernon's Tex. Penal Code, Art. 666–4, is not susceptible of that broad and unlimited interpretation.

■ The Act must be liberally construed to accomplish the expressed and implied intent on the part of the Legislature, i.e., the "exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State." Vernon's Tex. Penal Code, Article 666–2; Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530.

■ The Act expressly provides that a license or permit is purely a personal privilege and not a property right, Vernon's Tex. Penal Code, Art. 666–13, and all licensees or permittees, and all persons who deal with them, are charged with notice thereof.

■ Appellees contend that in view of the fact that Art. 666–17(3)(f), with reference to Distillers, Brewers, Rectifiers, Wholesalers, etc., giving or offering prizes and premiums to retailers and consumers, was amended in 1955 [art. 666–17(3)(g)] to permit them to furnish certain named advertising items, and in view of the fact that no such regulations are prescribed by the statute covering retailers, under the principle of statutory construction, *expressio unius est exclusio alterius,* the statute expressly authorizes the giving of premiums by retailers. We do not agree with this contention. We believe the fact the legislation covered this field in detail with reference to manufacturers and wholesalers and is silent as to retailers, is indicative of an intent to leave this to the rule making power of the Board so far as retailers are concerned.

■ Inasmuch as it appears that the Board has not promulgated a rule or regulation prohibiting the giving of premium stamps by operators of package stores, the trial court was correct in declaring that such act is not illegal and in declaring that the interpretation of the Administrator as embodied in said letter of June 11, 1956, is erroneous and incorrect. However, the trial court erred in declaring that the Board does not have the power, under Articles 666 and 667 of the Texas Penal Code, to promulgate a valid rule or regulation prohibiting a package store permittee from giving, selling or distributing premium stamps to retail purchasers or consumers, as an inducement for the purchase of alcoholic beverages. Moreover, the trial judge erred in granting a perpetual injunction against appellants, restraining them from interfering with the issuance of such stamps, and from in any way interfering with the contract between appellees, and, in effect, from promulgating any rule prohibiting the issuance of such stamps, as an inducement for the purchase of alcoholic beverages. The injunction should be limited and restricted to restraining the Administrator and the inspectors and agents from interfering with the issuance of such stamps, until and unless the Board shall promulgate a rule or regulation prohibiting such use and issuance.

In view of the disposition we make of this case, we do not deem it necessary to pass upon appellants' eighth point. The judgment of the trial court will be reformed in accordance with this opinion, and as reformed the judgment is affirmed.