REGAN, Judge.
Plaintiff, Xavier University, instituted this proceeding before the Board of Tax Appeals for the State of Louisiana, endeavoring to have the board revoke a 1961[1] city and state “beer and/or liquor permit” issued to the defendant, Charles C. Thigpen, who conducted his business under the trade name of College Lounge and Bar, asserting that it permitted the defendant to sell alcoholic beverages within 300 feet of plaintiff’s school, which is prohibited by both LSA-R.S. 26:280 and an ordinance of the City of New Orleans.[2]
*552 The Board of Tax Appeals revoked defendant’s 1961 state beer permit.
The defendant appealed from this administrative ruling to the Civil District Court for the Parish of Orleans,[3] asserting that Xavier University had no right of action under the statute authorizing revocation of a permit since it was a corporation, and not a citizen. On the merits, hereof, the defendant contended that Xavier University was not a “school” within the contemplation of the statute which prohibited the operation of a bar within 300 feet of a school.
From a judgment of the lower court which affirmed the ruling of the administrative board, the defendant has prosecuted this appeal.
The record reveals relatively simple facts which are not disputed:
Xavier University is a corporation which has been engaged in the work of an educational institution in the City of New Orleans for more than thirty years. In the year of 1961, defendant obtained both city and state beer permits to sell alcoholic beverages in his premises designated by the municipal number 7338 Washington Avenue, which is less than 300 feet removed from Mercedes Hall, a dormitory for women students located on the campus of the university.
Xavier University insists that the permits were issued in contravention of LSA-R.S. 26:280(C), which reads in part as follows:
“When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school, except a school for business education conducted as a business college or school. * * *”
Plaintiff’s petition to revoke defendant’s permit was brought in conformity with LSA-R.S. 26:288, which provides in part:
“The suspension or revocation of a permit shall be brought about in the following manner:
******
“B. Any citizen who has for at least six months prior thereto resided in the parish where the licensed premises are located may file with the board of tax appeals * * * a sworn petition requesting that a permit be suspended or revoked. * * * ”
Defendant’s counsel contends that the foregoing statute does not afford plaintiff a right of action because plaintiff is a corporation. He argues that the word citizen as used in the statute does not include an incorporated school or university, and that this is evidenced by the fact that the act stipulates that the party instituting the action must reside in the parish for six months. Counsel argues that had the legislature intended to confer this right of action upon incorporated schools, universities, churches, or synagogues, in addition to citizens, the act would have contained the phrase “been domiciled”, in place of “resided”.
This particular section of LSA-R.S. 26:-288 has not had a judicial interpretation placed thereon; therefore, the issue is res novo.
We are of the opinion that the legislature in enacting the statute intended to use the word “citizen”, not in its most restricted sense but in a broader concept which would include incorporated schools as well as individuals. This is so because the legislature literally created the foregoing law in order to protect institutions of the kind operated by the plaintiff. Therefore, since this particular law was especially enacted for its protection so as *553 to prevent the operation of bars within its immediate vicinity, we must logically reason that the legislature intended to permit an incorporated school to initiate a suit to remove the undesirable influence.
Turning our attention to defendant’s argument on the merits hereof, his counsel asserts that the statute in question was not intended to encompass universities and that the word “schools” as used therein is limited in its application to grade and secondary schools.
In support of this contention he relies upon the rationale emanating from the case of Henderson v. Percy,[4] wherein the organ for the court concluded that Loyola University was not a school within the contemplation of the ordinance regulating the speed of vehicles passing through a school zone in the City of New Orleans. The court, in reaching the above conclusion, reasoned that students attending Loyola were mature enough to cross streets in safety, therefore, it was unnecessary to require vehicles to move slowly when passing in front thereof.
The interpretation which the court placed upon the foregoing ordinance regulating the speed of vehicles moving through a school zone bears absolutely no analogy to this case. The ordinance, which forms the subject matter of this litigation by implication includes universities or colleges as schools. This is so since a reading thereof will disclose that it specifically excludes business schools and colleges, which are created to educate students of approximately the same age as those who attend colleges or universities.
We are also of the opinion that the statute is not limited in its application merely to buildings where classes are conducted. A dormitory, erected in order to provide housing for students attending the university, forms an integral part thereof. Thus the prohibition against establishing a bar within 300 feet of a school applies with equal facility to a campus dormitory.
Counsel finally contends that a permit was issued by the Chief Administrative Officer of the City of New Orleans to the defendant, even though defendant’s application was opposed by Xavier University. He argues that the decision of the municipal authorities, charged with enforcing city ordinances, is entitled to great weight and in issuing the permit, the chief administrative officer obviously believed that Xavier University was not a school within the contemplation of the statute. He cited in support thereof the case of the State ex rel. Szodomka v. Gruber,[5] which holds that, in certain cases, the interpretation of an ordinance by a municipal authority is persuasive. However, in that case the organ for the court very clearly pointed out that if there was an obvious violation of the ordinance in question, then the court was not bound by the administrative conclusion.
We are convinced that this case falls in the latter category since the issuance of the permit clearly was in violation of the law. If we applied the rationale emanating from Szodomka v. Gruber to this case, we would be forced to reach a result which would preclude judicial review of an administrative ruling which, of course, in the final analysis, would reduce the judiciary to an absurdity.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Although the revocation of the 1961 permit on its face is now moot, we are of the opinion that this matter should be decided on the merits in view of the fact that defendant’s right to apply for another permit rests upon this decision. LSA-R.S. 26:279, provides in part:
“Qualifications of applicant for permit
“A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions:
* * * * *
“(7) Has not had a license or permit to sell or deal in alcoholic beverages, issued by the United States or any other state, revoked, for five years prior to the application, * *
See Barretta v. Cocreham, Collector of Revenue et al., 210 La. 55, 26 So.2d 286.

. Ordinance No. 828 Mayor Council Series, Section 5-45 “It is hereby declared the sense and policy of this section and section 5-46 that no permit for the opening of any barroom, saloon, cabaret or other place where alcoholic beverages are sold at retail, to be consumed on the premises, within three hundred feet of any playground, church, pubhe Ebrary, or school, except a school for business education, conducted as a business college or school, in the city, shall be grantéd to any new appEcant for the operation of a new business as of the date of the adoption of this section * *

. This procedure is authorized by LSA-R.S. 26:302.

. 182 La. 953, 162 So. 739.

. 201 La. 1068, 10 So.2d 899.