

THE ATTORNEY GENERAL

OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 15, 1970

Honorable Joe Resweber          Opinion No. M- 749
County Attorney
Harris County Courthouse
Houston, Texas  77002          Re:  Is the University of
                                    Houston a "public school"
                                    within contemplation of
Dear Mr. Resweber:                  Article 666-25a, V.P.C.?

        You recently requested the opinion of the Attorney
General on the following question:

        "Is the University of Houston a 'public school'
        as that term is used in Article 666-25a, Vernon's
        Texas Penal Code."

        Article 666-25a, Vernon's Penal Code, reads as follows:

        "The Commissioners' Court of any county
        in the territory thereof outside incor-
        porated cities and towns and the govern-
        ing authorities of any city or town with-
        in the corporate limits of any such city
        or town may prohibit the sale of alcoholic
        beverages by any dealer where the place of
        business of any such dealer is within three
        hundred (300) feet of any church, public
        school or public hospital, the measurements
        to be along the property lines of the street
        fronts and from front door to front door
        and in direct line across intersections
        where they occur."   [Emphasis Added.]

In the case of Ussery v. City of Laredo, 65 Tex. 406 (1886), the Supreme Court of Texas based its decision upon the premise that public schools are only those which are established in the manner provided by law and recognized as such by the proper authority.

A "public school" or "public hospital" as used in the statute regulating the sale of alcoholic beverages is not defined in the Texas Liquor Control Act.  The Act (Article 661-1, etc., Vernon's Penal Code) was enacted in the exercise of the police power of the state.  Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949).  It "must be liberally construed to accomplish the expressed and implied intent of the legislature."  Liquor Control Board v. Super Savings Stamp Co., 303 S.W.2d 536 (Tex.Civ.App. 1957, error ref., n.r.e.).

In accordance with the well-settled canons of statutory construction, we must presume that the words employed are to be given that meaning which would ordinarily be understood from the context, subject matter, and intent of the Legislature.  While the term "public hospital" is not a word of common usage defined in the dictionary, the term "public school" is there defined generally as a school that is tax-supported or established and maintained at public expense.  It is one generally open and public to all in the locality.  This is in harmony with the meaning of the term as found by the courts generally, as distinguished from a private, parochial, sectarian, or denominational school.  See 78 CJS 606-607, Schools and School Districts, Sec. 1.  Whether a school is to be deemed public or private or denominational is to be determined by its control.  See State ex rel Johnson v. Boyd, 217 Ind. 348, 28 N.E.2d 256 (1940); Gerhardt v. Heid, 66 N.D. 444, 267 N.W. 127 (1936).

It has been held that a private trade school operating for profit was not a "public school" within the meaning of Article 666-25a.  Maple Lawn Baptist Church v. Lawrence, 442 S.W.2d 910 (Tex.Civ.App., 1969, error ref., n.r.e.)  The statute has also been construed to apply to a public school library building but not to a depot or stadium used by the high school students.  Rodgers v. Texas Liquor Control Board, 449 S.W.2d 292 (Tex.Civ.App., 1970, no writ).  However, it should be here noted that Article

4.22 of the Texas Education Code, prohibits "the possession of any intoxicating beverage while entering or inside any enclosure, field, or stadium where athletic events sponsored or participated in by the public schools of this state are being held. . ."

It is noted that the Texas Education Code is made generally applicable "to all educational institutions supported either wholly or in part by state tax funds unless specifically excluded." Article 1.04, Texas Education Code. Its purpose was "to bring together in a unified and organized form the existing law relating to tax-supported educational institutions and to simplify, clarify, and harmonize existing law relating both to the public school system and to the state-supported institutions of higher education." Article 1.03, Texas Education Code. It is evident from the use of the term "public school" as used throughout the Code that it is meant to include tax-supported educational institutions, which are not necessarily confined to elementary and secondary education but to higher state-supported institutions as well. Furthermore, we observe that a "public school" was defined in a recent statute, Article 2922-1.02 (a)(2), concerning the establishment of the Teachers' Retirement System:

> "'public school' means <u>any educational institution or organization</u> in this state which under the laws of Texas is entitled to be supported wholly or partly by state, county, school district, or other municipal corporation funds;. . ."

We are advised and supported in our view by the Alcoholic Beverage Commission, which is charged with the administration and enforcement of the Liquor Control Act that their departmental construction of the term "public school," as used in Article 666-25a, has been regarded as meaning any educational institution which is either wholly or in part supported by state or local governmental funds. The courts will ordinarily follow a construction placed on a statute by the department charged with its administration or enforcement where the statute is uncertain and if the construction is reasonable. 53 Tex.Jur.2d 259, Statutes, Sec. 177; <u>State v. Harris</u>, 342 S.W.2d 177 (Tex.Civ.App., 1960, no writ).

The University of Houston was established as a state-owned educational institution, which is supported by state tax funds. See Article 2615g, Vernon's Civil Statutes. As such, it would constitute a "public school" within the meaning of Article 666-25a. In Xavier University v. Thigpen, 151 So.2d 550, 553 (La.Cir.Ct., 1963), the court had before it a somewhat similar question involving whether a University might be included within the term "school" as used in the liquor control ordinance. The court apparently found no difficulty in holding that the ordinance included universities or colleges as schools.

It is to be observed that the Legislature failed to except from the term "public school" any public schools of higher education. In construing a statute it is not ordinarily permissible to imply an exception, and exceptions may not be engrafted on a statute by implication merely because there may seem to be a reason for doing so. 43 Tex.Jur.2d 209, Statutes, Sec. 144.

As stated in Clark v. Liquor Control Board, 357 S.W.2d 176, 178 (Tex.Civ.App., 1962, no writ), the question of selling beer to be consumed at a prohibited location under the terms of the act is ultimately a "political" one for the voters and the Legislature, and it is not within the province of the court to substitute its judgment therefor.

The Legislature intended the Liquor Control Act as an exercise of the police power of the state to protect the health, welfare, peace and temperance of its people and all its provisions are to be liberally construed for the accomplishment of that purpose. Munoz v. City of San Antonio, 318 S.W.2d 741 (Tex.Civ.App, 1958, error dism. w.o.j.); Texas Liquor Control Board v. Super Savings Stamp Co., 303 S.W.2d 536 (Tex.Civ.App., 1957, ref. n.r.e.). One of the primary objects sought to be obtained by the Legislature in the Liquor Control Act is the prohibition of the sale of alcohol and beer to minors and in any way allowing the presence of alcohol in the State of Texas to have a detrimental effect upon the welfare of minors. It is common knowledge that many minors as well as adults attend

our colleges and universities.

In view of the primary object of the Liquor Control Act, and considering the consequences of a contrary construction, it is reasonable to conclude that the Legislature intended the words "public schools" to encompass all public schools, of all educational levels; therefore, it is our opinion that the University of Houston is a "public school" within contemplation of Article 666-25a. If tax supported universities and colleges are not to be deemed "public schools" as herein considered, the Texas Legislature is the proper body to make such a provision.

### S U M M A R Y

The University of Houston is a "public school" within contemplation of Article 666-25a, Vernon's Penal Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Glenn Brown
Linward Shivers
James McCoy
Robert Flowers
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant