

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 18, 1994

Mr. Doyne Bailey
Administrator
Texas Alcoholic Beverage Commission
P.O. Box 13127
Austin, Texas 78711-3127

Opinion No. DM-293

Re: Whether a holder of a permit to sell alcoholic beverages may possess a firearm for purposes of self defense (RQ-582)

Dear Mr. Bailey:

You have requested an opinion construing the amendments to the Texas Alcoholic Beverage Code (the "code"), sections 61.71(f) and 11.61(e), passed during the Seventy-third Session of the Legislature and effective September 1, 1993, *see* Acts 1993, 73d Leg., ch. 934. You specifically ask the following:

1. Whether a holder of a retail license or permit authorizing the sale and on- or off-premise consumption of alcoholic beverages may still possess a firearm for the purpose of self defense in light of the new amendments, [sections] 61.71(f) and [] 11.61(e), [of the] . . . Code . . . , and not risk cancellation of his license or permit;

2. Whether a holder of a retail license or permit authorizing the sale and on- or off-premise consumption of alcoholic beverages may continue to sell firearms in a building in which there is a licensed premises and not jeopardize his license or permit; and

2a. Whether a holder of a retail license or permit authorizing the sale and on- or off-premise consumption of the alcoholic beverages may continue to sell such alcoholic beverages when another entity sells firearms in an area separate from the leased premises but within the same building and not jeopardize its license or permit.

The amendments about which you ask were passed to provide that

[t]he commission or administrator shall cancel an original or renewal . . . permit if it is found, after notice and hearing, that the

licensee knowingly allowed a person to possess a firearm in a building on the licensed premises. This subsection does not apply to a person:

> (1) who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:

> (A) the person is engaged in the performance of the person's duties as a security officer;

> (B) the person is wearing a distinctive uniform; and

> (C) the weapon is in plain view; or

> (2) who is a peace officer.

Alco. Bev. Code §§ 11.61(e), 61.71(f).[1]

In the text of your request letter, you state that prior to these particular amendments, the Penal Code sections 46.01 through 46.03 were controlling.[2] These sections were also amended by the Seventy-third session of the Legislature. Section 46.02 addresses the act of unlawfully carrying a weapon and now states that:

> (a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

> (b) It is a defense to prosecution under this section that the actor was, at the time of the commission of the offense:

> . . . .

> (2) on his own premises or premises under his control unless he is an employee or agent of the owner of the premises and his primary responsibility is to act in the capacity of a security guard

---

[1] We note that while there exists a separate citation for each provision, the text of the provisions is identical.

[2] Section 46.01 provides chapter definitions not relevant to this discussion.

> to protect persons or property, in which event he must comply with Subdivision (5);[3]
>
> . . . .
>
> (e) Except as provided by Subsection (f), an offense under this section is a Class A misdemeanor.
>
> (f) An offense under this section is a felony of the third degree if the offense is committed on any premises licensed or issued a permit by the state for the sale of alcoholic beverages.

Penal Code § 46.02(a), (b)(2), (e), (f) (footnote added). You have asserted that the recent amendments to the Alcoholic Beverage Code and the exceptions found in the Penal Code are in irreconcilable conflict. We disagree.

The Alcoholic Beverage Code was created by an act which promulgated a formal revision of the Texas Liquor Control Act, repealing the Liquor Control Act as amended and making conforming amendments to other laws. *See* Acts 1977, 65th Leg., ch. 194. Prior to this change, the Liquor Control Act was part of the penal laws of this state (Vernon's Texas Penal Auxiliary Laws arts. 666-1 to 667-33). Following the 1977 legislation, the two became separate and specific bodies of law, the Alcoholic Beverage Code and the Penal Code. The Alcoholic Beverage Code became the specific body of law concerned with "licensed premises" where alcoholic beverages are served for on- or off-premise consumption. Violation of the provisions of the code result in license revocation. The Penal Code on the other hand, in this particular instance, is concerned with addressing "a person who has control of the premises." The two bodies of law address different offenses with different penalties. In an effort to harmonize this seemingly apparent conflict, we conclude that the provisions of the Alcoholic Beverage Code refer to *a person other than the holder of the license, i.e., another person.*

Furthermore, we have conducted a careful review of the legislative history of the amendments at issue. We are unable to find any evidence of legislative intent to prevent all owners from maintaining a firearm for their own protection. In the absence of

---

[3]Subdivision (5) provides an exception for *a person* who is serving as a security guard certified by the Texas State Board of Private Investigators and Private Security Agencies under certain circumstances. It is interesting to note that the language in the exception is identical to that which is used in the amendments to the Alcoholic Beverage Code sections 11.61(e), 61.71(f).

legislative intent, we rely on the Code Construction Act. Located in the Government Code, section 312.005, it specifically provides:

> In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy.

In this instance we must construe an amendment to a statute. Typically, when an entire new section has been introduced into a law by amendment, the new section must be construed in light of preexisting law, as it stands after the amendment, and the new section, together with all unrepealed sections of preexisting law, should be considered as a harmonious whole. *Nelms v. Gulf Coast State Bank*, 525 S.W.2d 866 (Tex. 1975); *Anderson v. Penix*, 161 S.W.2d 455 (Tex. 1942).

We now turn to your second inquiry in which you ask that we address the instance where a holder of a retail license or permit authorizing the sale of alcoholic beverages also sells firearms in a building in which there is a licensed premises or another entity sells firearms in an area separate and apart from the licensed premises but within the same building. The circumstances which you describe require the consideration of numerous factual situations and the outcome may be dependent upon the contractual relationships between the lessor and the lessee of the licensed premises. Such factual analysis is beyond the purview of the opinion process. *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3; H-56 (1973). Furthermore, it is not a general practice of this office to construe contracts. *E.g.*, Attorney General Opinions DM-192 (1992) at 10; JM-697 (1987) at 6. Hence, it is for the foregoing reasons that we are unable to conclude whether the circumstances which you describe violate sections 61.71(f) and 11.61(e) of the Alcoholic Beverage Code.

This, however, does not conclude our analysis. The Alcoholic Beverage Commission as an agency of the state is empowered to proscribe and publish such rules and regulations as necessary to carry out the provisions of the Alcoholic Beverage Code and to make decisions involved in granting applications for licensed premises. Alco. Bev. Code §§ 5.31; *see Gulf Land Co. v. Atlantic Refining Co.*, 131 S.W.2d 73 (Tex. 1939); *Texas Liquor Control Bd. v. Super Sav. Stamp Co.*, 303 S.W.2d 536 (Tex. Civ. App.-- San Antonio 1957, writ ref'd n.r.e.); *cf.* Alco. Bev. Code § 11.49 (designation of licensed premises is subject to approval of the commission). In *Texas Liquor Control Board*, the court of appeals stated that where a statute expressly authorizes an agency to regulate an industry, it impliedly authorizes the adoption of rules to that end, and that such authorization forecloses the idea that the legislature intended to spell out the details of all operations under the act. 303 S.W.2d at 539-40. Accordingly, we conclude that in the absence of legislative standards, the Alcoholic Beverage Commission may exercise its

rulemaking authority to address situations such as those you have described in a manner consistent with the purposes of the code.

## S U M M A R Y

A holder of a retail license or permit authorizing the sale and on- or off-premise consumption of alcoholic beverages may possess a firearm for the purpose of self defense. Whether the circumstances which you describe involving the sale of firearms violate sections 61.71(f) and 11.61(e) of the Alcoholic Beverage Code, concerns questions which are beyond the purview of the opinion process.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General